Mark T. McClenning, CA SBN 206177
Attorney at Law
725 North Sycamore Avenue, # 21
Los Angeles, California 90038
Telephone: (323) 924-5933
McClenningLaw@ca.rr.com

Attorney for Plaintiff Alta Gibbon

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alta Gibbon, an individual,<br><br>       Plaintiff,<br><br>vs.<br><br>LVNV Funding LLC; Resurgent Capital Services L.P.; and ARS National Services, Inc.,<br><br>       Defendants. | Case No. **CV10-09829** SVW (LWx)<br><br>COMPLAINT |

COMES NOW PLAINTIFF ALTA GIBBON, and respectfully submits her complaint as follows:

## JURSIDICTION

1.      This is an action under the Fair Debt Collection Practices Act, hereinafter "FDCPA," 15 U.S.C. § 1692a *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Jurisdiction in this case is founded upon 15 U.S.C. § 1692k which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

**THE PARTIES**

2.      Plaintiff Alta Gibbon is an adult who resides within this judicial district.

3.      Upon information and belief, Defendant ARS National Services, Inc (hereinafter "ARS") is a California corporation doing business within this judicial district that is engaged in the business of collecting debts in the State of California.

4.      Upon information and belief, Defendant LVNV Funding LLC (hereinafter "LVNV") is a Delaware limited liability company doing business within this judicial district that is engaged in the business of collecting debts in the State of California.

5.      Upon information and belief, Defendant Resurgent Capital Services L.P. is a Delaware limited partnership doing business within this judicial district that is engaged in the business of collecting debts in the State of California.

6.      Upon information and belief, all defendants are a debt collectors as defined by the FDCPA because, upon information and belief, all defendants collect, or attempt to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes using the U.S. Mail, telephone and Internet.

7.      At all times mentioned herein, upon information and belief, defendant Resurgent and defendant ARS were the agents and/or employees of defendant LVNV, and in doing the things alleged herein were acting within the course and scope of such agency and/or employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of defendant LVNV.

8.      Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

//

//

//

# FACTUAL ALLEGATIONS

9.     In or about December of 2009, plaintiff received collections correspondence from defendant ARS, wherein ARS sought to collect a debt (hereinafter "alleged debt") that ARS alleged plaintiff owed to LVNV.

10.     In response to plaintiff's receipt of the collections correspondence from ARS, and within 30 days of plaintiff's receipt of the aforementioned correspondence from ARS, plaintiff's attorney forwarded written correspondence, on plaintiff's behalf, to ARS wherein: plaintiff's attorney advised ARS that plaintiff disputed the alleged debt in its entirety and requested validation of the same; plaintiff's attorney request the name and address of the original creditor; plaintiff's attorney advised ARS that any and all further correspondence regarding the alleged debt was to be forwarded to plaintiff's attorney's attention; and plaintiff's attorney advised ARS that ARS was to have no further contact with plaintiff.  Upon information and belief, ARS received said correspondence on January 4, 2010.

11.     Despite plaintiff's attorney's timely written instructions to ARS on plaintiff's behalf that were received by ARS,  plaintiff received further collection correspondence on January 10, 2010, addressed and sent directly to plaintiff from ARS again attempting to collect the alleged debt.

12.     In response to plaintiff's timely request for validation made in writing by plaintiff's attorney on plaintiff's behalf, plaintiff received correspondence, on or about January 16, 2010, addressed and sent directly to plaintiff's attention from Resurgent, dated January 12, 2010, which stated, in pertinent part, "Enclosed please find an original validation of debt that verifies the debt."  Said enclosure also indicated that the account was owned by LVN Funding L.L.C and instructed plaintiff that if plaintiff desired to pay off the account in full, plaintiff should contact Resurgent at 1-888-665-0374.  Despite plaintiff's timely written request, Resurgent did not provide the address of the original creditor to plaintiff.

13.     On or about January 19, 2010, plaintiff received correspondence addressed and sent directly to plaintiff's attention, from Resurgent, dated January 15, 2010, which indicated: that Resurgent had received an inquiry on the alleged debt; that Resurgent managed the alleged debt for LVNV; and that Resurgent was investigating plaintiff's claim.  Plaintiff received said correspondence despite the fact that Resurgent had already purportedly verified the alleged debt on LVNV's behalf and by and through Resurgent's correspondence, dated January 12, 2010, addressed and sent directly to plaintiff's attention.

14.     On February 3, 2010, plaintiff's attorney received correspondence, dated January 29, 2010, from a law firm, indicating that the law firm had been retained by LVNV to collect the alleged debt from plaintiff.  Said correspondence demanded an amount that far exceeded the sum set forth in LVNV's January 12, 2010 purported verification of the alleged debt.  To this end, the amount demanded by LVNV's attorneys in the February 3, 2010 correspondence exceeded any interest permitted by law and further contradicted the amount reported to be allegedly owed by plaintiff in plaintiff's credit report for the same time period.

15.     As a result of the acts alleged above, plaintiff suffered anxiety, embarrassment, humiliation, anger and frustration,

## FIRST CLAIM FOR RELIEF

(For FDCPA Violations against all defendants)

16.     Plaintiff repeats and realleges and incorporates by reference paragraphs 1-15 above.

17.     Defendants, and all of them, violated the FDCPA. Defendant ARS's violations include, but are not limited to the following:

a)      violating 15 U.S.C § 1692c(a)(2) by contacting plaintiff after defendant knew, or had reason to know, that plaintiff was represented by an attorney;

b)     violating 15 U.S.C § 1692g(b) by not validating the alleged debt and continuing collection activities;

c)     violating 15 U.S.C. § 1692c(c) for contacting plaintiff after plaintiff provided previous written notice to cease contact with plaintiff; and

d)     violating 15 U.S.C § 1692g(b) by continuing collection activities against plaintiff after receiving a timely written request for the name and address of the original creditor and not providing the address of the original creditor.

18.     Defendant Resurgent's violations, include, but are not limited to the following:

a)     violating 15 U.S.C § 1692c(a)(2) by contacting plaintiff after defendant knew, or had reason to know, that plaintiff was represented by an attorney; and

b)     violating 15 U.S.C § 1692g(b) by continuing collection activities against plaintiff after receiving a timely written request for the name and address of the original creditor and not providing the address of the original creditor.

19.     Defendant LVNV's violations, include, but are not limited to the following:

a)     violating 15 U.S.C § 1692e(2)(A) by falsely representing the amount of the alleged debt;

b)     violating 15 U.S.C § 1692f(1) for attempting to collect an amount not permitted by law; and

c)     violating 15 U.S.C § 1692g(b) by continuing collection activities against plaintiff after receiving a timely written request for the name and address of the original creditor and not providing the address of the original creditor.

20.     As a result of the above violations of the FDCPA, defendants are liable to plaintiff for: plaintiff's actual damages; statutory damages; and costs and attorney's fees.

# PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that judgment be entered in plaintiff's favor and against defendant for the following:

A.    Actual damages;

B.    Statutory damages pursuant to 15 U.S.C. § 1692k;

C.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

D.    For such other and further relief as may be just and proper.


DATED: December 21, 2010

Mark T. McClenning
Attorney for Plaintiff
Alta Gibbon

Mark T. McClenning, CA SBN 206177
725 North Sycamore Avenue, # 21
Los Angeles, California 90038
Telephone: (323) 924-5933
McClenningLaw@ca.rr.com
Attorney for plaintiff Alta Gibbon

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Alta Gibbon, an individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV10·09829** |
| v. | |
| LVNV Funding LLC; Resurgent Capital Services L.P.; and ARS National Services, Inc., | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): LVNV Funding LLC; Resurgent Capital Services L.P.; and
      ARS National Services, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Mark T. McClenning, Esq._____, whose address is _725 N Sycamore Avenue, #21, Los Angeles, California 90038_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC 2 1 2010____

By: __JULIE PRADO____
       Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Alta Gibbon, an individual,

**DEFENDANTS**
LVNV Funding LLC; Resurgent Capital Services L.P.; and ARS National Services, Inc.,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mark T. McClenning, Attorney at Law, CA SBN 206177
725 North Sycamore Avenue, # 21
Los Angeles, California 90038 (323) 24+5933

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1692a et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | FORFEITURE / PENALTY | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

# CV10·09829

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑No  ☐ Yes
If yes, list case numbers): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | ARS National Services, Inc. - San Diego County<br>LVNV Funding LLC - Delaware<br>Resurgent Capital Services L.P. - Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _~~signature~~_   Date  December 21, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases.

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |